**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| TONY E. CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF JUVENILE JUSTICE AND DELINQUENCY PREVENTION,<br><br>Defendant. | ) | 1:10CV315 |

**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned Magistrate Judge for a ruling on Plaintiff's Motion to Extend Time for Discovery Plan (Docket Entry 55) and Plaintiff's Motion to Compel Discovery (Docket Entry 56). (See Docket Entry dated July 9, 2013.) For the reasons that follow, the Motion to Compel will be denied and the Motion to Extend will be denied as moot.

## I. Procedural Background

Pursuant to the Joint Rule 26(f) Report filed by the Parties in this action (Docket Entry 46), the deadline for the close of discovery was June 3, 2013 (see Docket Entry dated Feb. 2, 2013). On May 15, 2013, Plaintiff filed the instant Motion to Extend Time for Discovery Plan (Docket Entry 55) in which he asked the Court to extend the discovery period an additional 90 days because Defendant "has stalled and prolong [sic] distribution [o]f requested

interrogatories #3 and #7" (id. at 1). He further stated the following:

> Defendant . . . objects on grounds that this information is confidential, Plaintiff [f]eels the information is reasonable and discoverable due to the fact [sic] potential witness and the opportunity to gain testimony and deposition will come from these interrogatories. That's why I am filing this motion to extend time to file other motions to compel, supplement to discovery. . . . Plaintiff is not at a position to bring forth his [c]ase in a matter [sic] that is satisfactory to end Plaintiff's discovery plan. Plaintiff feels it is [D]efendant's obligation and responsibility to comply with interrogatories in good faith and all [h]onesty within a timely matter. Plaintiff needs more time to compel discovery and do [d]epositions.

(Id.) Plaintiff attached two exhibits to his Motion, which apparently contain the two "interrogatories" he references. (See Docket Entries 55-1, 55-2.) Based on their language (see id.) and documentation submitted by Defendant (see Docket Entry 57-1 at 29-31), it appears these "interrogatories" actually constitute requests for production of documents.

The next day, Plaintiff filed the instant Motion to Compel (Docket Entry 56), the relevant part of which states in its entirety:

> I have requested from [Defendant] names, address [sic] and telephone numbers from current and [f]ormer employees from specific department and facility locations. I also would like to dispute [p]ersonal files and records from one former employee. Defendant has cited confidentiality as [r]easons [sic] for not turning over what I, [P]laintiff consider reasonable and highly important

> discover [a]ble [sic] material to complete my discovery plan. Plaintiff again is requesting an expedited [r]esolution of some discovery disputes.

(Id. at 1-2.) Defendant responded in opposition. (Docket Entry 56.) Plaintiff did not reply. (See Docket Entries dated June 10, 2013, to present.)

## II. Discussion

As a preliminary matter, Plaintiff's Motion to Compel does not indicate which specific discovery requests Defendant allegedly failed to answer. (See Docket Entry 56 at 1-2.) Moreover, even if the Court assumes Plaintiff's Motion to Compel refers to the two "interrogatories" referenced in his Motion to Extend (see Docket Entry 55 at 1), inadequate grounds exist to compel further discovery responses.

The two "interrogatories" Plaintiff attached to his Motion to Extend read as follows:

> 3. Produce each and every document which you contend refer to facts or support your [p]osition or legal argument made in Plaintiff's [C]omplaint filed 23 April 2010 and the [A]mended [C]omplaints filed 20 July 2010 and 20 September 2012.

(Docket Entry 55-1 at 1.)

> 7. Produce names, address and telephone number records for every employee not to exclude management that worked for the [D]epartment of [J]uvenile [J]ustice and [P]revention [D]elinquency [sic] at the Samarkand Manor Training school in Eagle Springs NC from May 2007 to November 30th 2008. And those employees that where [sic] in human resource

> [sic] in the Raleigh office and any upper management that was connected with Samarkand Manor.

(Docket Entry 55-2 at 1.) However, Plaintiff’s Interrogatories 3 and 7 in fact read:

> 3. Please state department of juvenile justice prevention and delinquency policy and protocol for receiving grievances.
>
> . . .
>
> 7. Please give dates upon receipt of Equal Employment Opportunity Commissions [sic] initial contact for investigation and conclusion of investigation.

(Docket Entry 57-1 at 20-22.) On the other hand, Plaintiff’s Requests for Production 3 and 7 do match the discovery requests referenced in his Motion to Extend. (Compare Docket Entries 55-1 and 55-2, with Docket Entry 57-1 at 29, 30-31.)

Plaintiff’s Motion to Compel first alleges that Defendant has not provided Plaintiff with “names, address [sic] and telephone numbers from current and [f]ormer employees from specific departments and facility locations.” (Docket Entry 56 at 1.) This requested information apparently matches Plaintiff’s Request for Production 7. (Compare id., with Docket Entry 57-1 at 30-31.) Defendant objected to that Request as vague and overly broad and because, “pursuant to N.C. Gen. Stat. §§[] 126-22, 126-24 and 126-27, the personnel files of State employees, former state employees or applicants for State employment are confidential.” (Docket Entry 55-2 at 1.) Without waiving those objections, Defendant

produced “a list of all employees that were employed with Defendant from 2007 through 2008, an online email and telephone directory for Defendant’s employees, and a directory for the current Youth Development Center with the contact information for the Facility Directors.” (Docket Entry 57 at 5-6.) Defendant also informed Plaintiff that the Samarkand Youth Development Center had since closed. (Id. at 6.) Defendant thus contends it “has responded to Plaintiff’s request for production of documents . . . in good faith as required by Local Rule 26.1.” (Id.) The Court agrees.

Request for Production 7 actually asks Defendant to generate a document rather than to produce documents in existence. “Rule 34 requires a party to produce documents that already exist and a party does not have to create a document in response to a request for production.” Harris v. Advance Am. Cash Advance Cntr., Inc., 288 F.R.D. 170, 174 (S.D. Ohio 2012); accord Alexander v. Federal Bureau of Investigation, 194 F.R.D. 305, 310 (D.D.C. 2000). Given that fact, as well as Defendant’s uncontested explanation regarding what documents it provided Plaintiff, the Court denies any relief as to this aspect of Plaintiff’s Motion to Compel.

Plaintiff’s next contention (i.e., that Defendant failed to produce “[p]ersonal files and records from one former employee” (Docket Entry 56 at 1-2)) also fails. As an initial matter, Plaintiff’s Motion to Compel neglects to name the individual whose files Defendant allegedly did not produce. (Id.) Plaintiff

similarly has failed to identify the discovery request to which he refers. (Id.) None of the discovery requests discussed previously appear relevant. The only discovery request that references individuals' files or records is Request for Production 4, which states: "Produce each and every mental examinations [sic] and work evaluations on Sandra Vamper, Mack Simmons, Donald Burns and Roger Reynolds made by Department of Juvenile Justice Prevention and Delinquency." (Docket Entry 57-1 at 29-30.)

Defendant objected to this Request

> on the grounds that individually identifiable medical information cannot be disclosed by covered entities without the consent of the individual pursuant to 45 CFR 164.502 Health Information Portability and Accountability Act. Defendant also objected to this [R]equest on the grounds that medical records are protected under N.C.[ Gen. Stat.] §8-53. Defendant further objected on the grounds that pursuant to N.C.[ Gen. Stat.] §§[] 126-22, 126-24 and 126-27, the personnel files of State employees, former state employees or applicants for State employment are confidential.

(Docket Entry 57 at 7 (internal citation omitted).) Under North Carolina law, "[c]onfidential information obtained in medical records shall be furnished only on the authorization of the patient . . . ." N.C. Gen. Stat. § 8-53. Furthermore, to the extent Plaintiff intended to refer to "personnel" rather than "personal" files of an individual, "personnel files contain very sensitive private information about non-parties to th[e] litigation, [and therefore] th[e] Court must weigh the significant privacy interests

at stake against the need for the information contained in the personnel files." Halim v. Baltimore City Bd. of Sch. Comm'rs, No. WMN-11-2265, 2012 WL 2366338, at *2 (D. Md. Jun. 20, 2012) (unpublished). To the extent this Request seeks medical, personal, or personnel information, Plaintiff has failed to provide any explanation as to why he views these materials as "highly important" (Docket Entry 56 at 2) for the prosecution of his case. (Id. at 1-2.) Under these circumstances and in light of relevant principles of proportionality that apply to discovery, see generally Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 239 (M.D.N.C. 2010), the Court will deny Plaintiff's Motion to Compel to the extent it seeks the personal, medical, or personnel files of an unnamed former employee of Defendant.

Given the Court's disposition of Plaintiff's Motion to Compel, the Court will deny as moot Plaintiff's Motion to Extend, which, as discussed above, seeks time to compel further responses to certain discovery requests. (See Docket Entry 55 at 1.) Because the Court has denied Plaintiff's Motion to Compel, no reason remains to extend the discovery period.

## III. Conclusion

Plaintiff has failed to identify the discovery requests to which Defendant allegedly failed to respond. Further, to the extent the Court can identify the requests to which he refers, no basis exists to compel a further response.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (Docket Entry 56) is **DENIED.**

**IT IS FURTHER ORDERED** that, on or before July 24, 2013, Defendant shall either: 1) file a Notice indicating that it does not seek cost-shifting under Federal Rule of Civil Procedure 37(a)(5)(B); or 2) serve Plaintiff with a statement of reasonable expenses, including attorney fees, incurred in opposing Plaintiff's Motion to Compel. Failure by Defendant to comply with this order will result in denial of any cost-shifting.

**IT IS FURTHER ORDERED** that, if Defendant timely serves Plaintiff with a statement of its reasonable expenses, on or before August 7, 2013, Plaintiff shall file either: 1) a Notice indicating his agreement to pay the claimed expenses; or 2) a memorandum of no more than five pages explaining why his Motion to Compel was substantially justified or why other circumstances make an award of expenses unjust, as well as any basis on which Plaintiff contests the reasonableness of the claimed expenses. Failure by Plaintiff to comply with this order will result in the Court ordering, upon the filing of a Notice by Defendant of its reasonable expenses as contained in the statement it served upon Plaintiff, the payment of such expenses by Plaintiff.

**IT IS FURTHER ORDERED** that, on or before August 21, 2013, Defendant shall file a response of no more than five pages to any memorandum timely filed by Plaintiff contesting cost-shifting.

Failure by Defendant to comply with this order will result in the denial of any cost-shifting.

**IT IS FURTHER ORDERED** that, on or before August 28, 2013, Plaintiff may file a reply of no more than three pages to any response timely filed by Defendant regarding cost-shifting.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time for Discovery Plan (Docket Entry 55) is **DENIED AS MOOT.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 17, 2013